Dustin Deissner
VAN CAMP & DEISSNER
1707 W. Broadway Ave.
Spokane WA 99201
509.326.6935 voice
509.326.6978 fax
deissnerlaw@aol.com email
ISB# 5937

Attorneys for Defendants

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VERNON J. MORTENSEN ) | |
| ) | |
|     Plaintiff ) | Case No. 2:08-cv-00369 |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPPOSING |
| DUSTIN DEISSNER, RUSSELL ) | EXTENSION OF TIME |
| VAN CAMP and VAN CAMP & ) | |
| DEISSNER, ) | |
| ) | |
|     Defendants ) | |

Defendants oppose Plaintiff's request to extend time.

1. FRCP 56(f)

Rule 56 (f) states:

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

MEMORANDUM OPPOSING
EXTENSION OF TIME   p. 1

>   (1) deny the motion;
>   (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>   (3) issue any other just order.

When a motion is made requesting additional time for discovery after an early summary judgment motion, the 9th Circuit has held that it should normally be granted freely. *Burlington Northern Santa Fe Railroad Company v. Assiniboine and Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767 (9th Cir. 03/17/2003). But the exception noted in that case is where the non-moving party was not diligent in obtaining information, which is the case here.

Terri Pickens in her affidavit states that Mr. MORTENSEN has not had time to conduct discovery. That is, in fact, not correct. He has already conducted extensive discovery in the essentially identical State case of *Mortensen v. Cook*, where he has filed interrogatories and requests for production. That case asserts the same causes of action against Marti Mortensen Cook, that are asserted against her attorneys in this case. Compare his complaint, Exhibit 2 to declaration of Dustin Deissner, to this complaint.

Ms. Pickens states she was retained on September 19, 2008, which is undoubtedly true: but she has been advising Mr. MORTENSEN since at least July, 2008, as shown by her affidavit filed in the divorce action. [Exhibit 1]

MEMORANDUM OPPOSING
EXTENSION OF TIME   p. 2

Ms. Pickens has stated that Defendants in this matter have not answered: apparently she failed to note docket item No. 4, Defendants' answer and counterclaims, which was filed at the same time as removal.

Ms. Pickens identifies only one single item of proposed discovery: the deposition of Dustin Deissner.  Since Mr. Deissner's actions in this case were all taken on behalf of Mrs. Cook, they will all be privileged and no information will be available from such a deposition that is not contained in public records.

On the other hand such a deposition would be prejudicial to Defendants since it raises the potential of creating a conflict of interest between counsel and Marti Mortensen Cook.  That is the obvious, real reason for Mr. MORTENSEN's suit in the first place.

Finally and perhaps most important: the summary judgment motion in this case is based entirely on issues of law (privilege, failure to prove elements of claims) and as a challenge to Mr. MORTENSEN to provide specific proof of his allegations, something he should have had in hand when he filed.  Mr. MORTENSEN has no trouble responding in a timely manner to the exact same issues that were present in the state court action of Mortensen v. Cook.   This motion would have been a 12(b)(6) motion except that Defendants do not believe

MEMORANDUM OPPOSING
EXTENSION OF TIME   p. 3

Mr. MORTENSEN has, or ever had, evidence to support his claims. There is no information he could obtain from discovery that could impact the issues in the pending summary judgment. Those issues are:

1. Abuse of process cannot be based on filing lis pendens as a matter of law.

2. Mr. MORTENSEN has not pleaded and cannot show required improper purpose other than seeking advantage in pending litigation.

3. Mr. MORTENSEN has not and cannot show specific injury.

4. All actions by Defendants were subject to Judicial Privilege as a matter of law.

The Court can see that none of the above issues would be addressed by further discovery. Even the question of 'motive' would not be amenable to further discovery: such subjective matters must be shown by inference from objective evidence, and Mr. MORTENSEN already has access to all objective evidence pertaining to motivation.

The court should deny the request for additional time as Mr. MORTENSEN has failed to act promptly. He could have asked Ms. Pickens to represent him much earlier, and these issues could have been addressed then. He could have filed the same responses he filed in the State action. He did not, and should not be given more time.

MEMORANDUM OPPOSING
EXTENSION OF TIME   p. 4

October 8, 2008

                                            S/ Dustin Deissner
                                            DUSTIN DEISSNER
                                            Van Camp & Deissner
                                            1707 W. Broadway Ave.
                                            Spokane WA 99201
                                            Ph. 509-326-6935
                                            Fax 509-326-6978

## CERTIFICATE OF SERVICE

       DUSTIN DEISSNER certifies: I have on this date filed the above document with the CM/ECF system and it will be served on all parties registered under that system. I have additionally served the foregoing document upon the following parties by the following means:

| TO: | BY: |
|---|---|
| None | [ ] US Mail 1st Class Postage Prepaid<br>[ ] Delivery Service<br>[ ] Facsimile to:<br>[ ] Email to: |

Dated October 8, 2008

                                              S/ Dustin Deissner

MEMORANDUM OPPOSING
EXTENSION OF TIME   p. 5