IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| VERNON J. MORTENSEN, | ) | Case No. CV 08-369-N-CWD |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION AND** |
| v. | ) | **ORDER** |
| | ) | |
| DUSTIN DEISSNER, RUSSELL VAN | ) | |
| CAMP, and VAN CAMP & DEISSNER, | ) | |
| | ) | |
| Defendant. | ) | |

# I.
## Introduction

Before the Court is Defendants' Motion for Summary Judgment seeking judgment as a

matter of law that the filing of a lis pendens does not constitute "process," and therefore

Plaintiff's complaint warrants dismissal. Defendants also have filed a motion to strike the

exhibit attached to the Affidavit of Thomas Lloyd. The Court conducted a hearing on November

3, 2009. After carefully considering the parties' submissions and oral arguments, Defendants'

Motions will be granted for the reasons discussed below.

**MEMORANDUM DECISION AND ORDER -1**

**II.**
**Background**

Procedurally, this case began when Plaintiff Vernon Jerry Mortensen ("Mortensen") filed a complaint on August 25, 2008, in Boundary County, Idaho against Defendants Dustin Deissner, Russell Van Camp, and their law firm (collectively, "Deissner"). The complaint alleges that Mr. Deissner acted improperly while representing Mortensen's ex-wife during their divorce proceedings. Specifically, the one count complaint alleges abuse of process based upon claims that Deissner filed frivolous pleadings, recorded inappropriate lis pendens against Mortensen's property, and served unlawful subpoenas. (Compl., Docket No. 1.) Because Deissner resides in Washington while Mortensen resides in Idaho, the matter was removed to this Court on September 2, 2008, based on diversity of citizenship. On the same date, Deissner filed an answer and counterclaim denying the allegations, alleging that Mortensen should be subject to sanctions under Fed. R. Civ. P. 11, and in turn claiming abuse of process against Mortensen. (Docket No. 4.)

On September 3, 2008, Deissner filed a motion for summary judgment seeking judgment as a matter of law that the recording of a lis pendens does not constitute abuse of process under Idaho law. Because the motion was filed so early in the litigation, the briefing deadlines were extended, and upon the filing of Deissner's reply brief on August 17, 2009, the matter was ripe for review. A hearing was conducted on November 3, 2009.

**MEMORANDUM DECISION AND ORDER -2**

## III.
## Undisputed Material Facts[1]

The underpinnings of this lawsuit are based upon a highly contentious divorce proceeding between Mortensen and his ex-wife, Marti Ellen Mortensen.  The details of the divorce, and the accusations of deceit and unscrupulous behavior levied against Mr. Mortensen by Mrs. Mortensen, are not pertinent to the instant motion.  It is enough to know that Mortensen invested substantially in real estate, which ultimately played a key role in the decree dividing up the parties' property.  A partial decree of divorce was granted to the Mortensens on August 16, 2006.  The parties' community property, however, was not addressed in the partial decree of divorce.  On December 22, 2006, Judge Julian, who presided over the divorce proceedings, signed an order granting the parties' stipulation that divided up their community assets.  Among those assets were numerous parcels of real estate.

On July 12, 2007, Deissner filed a notice of appearance in the divorce proceedings on behalf of Mrs. Mortensen, replacing her previous counsel.  At a status conference held on August 9, 2007, Deissner informed the court that Mrs. Mortensen was seeking to reopen the divorce proceedings for the purpose of contesting the December 22, 2006 order dividing the parties' community property.  (Decl. of Deissner ¶ 9, Docket No. 5-3.)  Mrs. Mortensen claimed that Mr. Mortensen failed to disclose ownership of several additional parcels of real property, and it was her belief that she was entitled to a larger share of the community assets than what she had stipulated to.  (Decl. of Deissner ¶5, Docket No. 5-3.)  On August 21, 2007, Deissner recorded

---

[1]  The parties have both submitted their versions of the facts.  The material facts as set forth herein, which are based upon the complaint and the admissions to the allegations contained in Deissner's answer, are not disputed.  Unless otherwise noted, the facts stated herein are based upon the admissions made in Deissner's answer.  (Docket No. 4.)

**MEMORANDUM DECISION AND ORDER -3**

lis pendens on several parcels of property that Mr. Mortensen had been awarded sole ownership

of by virtue of the December 22, 2006, order.  Mortensen alleges that, as a result of the lis

pendens, he suffered damages because he was unable to sell the property.  (Compl. ¶ 11.)  A

meeting was scheduled between Deissner and Mortensen's attorney in December of 2007 to

discuss releasing the lis pendens.  After the meeting, Deissner recorded a release of the lis

pendens.

The parties could not reach an agreement, however, with respect to the properties now in

dispute, and Deissner, on behalf of Mrs. Mortensen, re-recorded lis pendens on April 25, 2008,

along with motions to reopen the divorce proceedings and to invalidate the settlement agreement.

(Decl. of Deissner ¶12, Docket No. 5-3.)  On July 3, 2008, Mr. Mortensen filed motions to quash

the lis pendens.  Judge Julian conducted a hearing, and on August 14, 2008, entered an order

granting Mr. Mortensen's motion to quash the lis pendens "on any property specifically

disclosed by Vernon J. Mortensen prior to the entry of the order confirming settlement in this

matter which was entered in December 2006."  (Compl. Ex. A, Docket No. 1-5.)  According to

the order, there were twelve properties subject to a lis pendens, which the court ordered vacated.

(*Id.*)  Deissner has appealed the state court's decision to quash the lis pendens.  (Suppl. Decl. of

Deissner Ex. 2, Docket No. 39-1.)

## IV.
## Discussion

**A.      Summary Judgment Standards**.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil

Procedure, which provides, in pertinent part, that judgment "should be rendered if the pleadings,

the discovery and disclosure materials on file, and any affidavits show that there is no genuine

**MEMORANDUM DECISION AND ORDER -4**

issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A moving party must show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets the requirement of Rule 56 by either showing that no genuine issue of material fact remains or that there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). It is not enough for the [non-moving] party to "rest on mere allegations or denials of his pleadings." *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

In determining whether a genuine issue of material fact exists, facts and inferences must be viewed most favorably to the non-moving party. To deny the motion, the Court need only conclude that a result other than that proposed by the moving party is possible under the facts and applicable law. *Aronsen v. Crown Zellerbach,* 662 F.2d 584, 591 (9th Cir. 1981).

The Ninth Circuit has emphasized that summary judgment may not be avoided merely because there is some purported factual dispute, but only when there is a "genuine issue of material fact." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir. 1992). The Ninth Circuit has found that in order to resist a motion for summary judgment,

> the non-moving party:  (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and

**MEMORANDUM DECISION AND ORDER -5**

(3) must come forward with more persuasive evidence than would
otherwise be necessary when the factual context makes the non-
moving party's claim implausible.

*British Motor Car Distrib. Ltd. v. San Francisco Auto. Indus. Welfare Fund*, 882 F.2d 371,

374 (9th Cir. 1989).

**B.      The Lis Pendens Do Not Constitute Process.**

**1.      Arguments of the Parties.**

The parties do not dispute that Idaho law applies to Mortensen's claims for abuse of

process.  (Defs.' Mem. at 5, Docket No. 5-2; Pl.'s Mem. at 4–5, Docket No. 37.)[2]  The essential

elements of the tort of abuse of process are: (1) an ulterior, improper purpose; and (2) a willful

act in the use of the process not proper in the regular conduct of the proceeding.  *Dunn v. Nance*,

No. CV 08-23-S-BLW, 2009 WL 1956429 *9 (D. Idaho July 6, 2009) (citing *Badell v. Beeks*,

765 P.2d 126, 129 (Idaho 1988)).  *See also Al-Kidd v. Gonzales*, No. CV 08-093-S-EJL, 2006

WL 2682346 *7 (D. Idaho Sept. 18, 2006) (citing *Beco Constr. Co., Inc. v. City of Idaho Falls*,

865 P.2d 950, 954 (Idaho 1993)).  Thus, Mortensen can not prevail against Deissner unless he

can establish Deissner harbored "an ulterior, improper purpose and willfully used process in the

regular conduct of a proceeding."  *Beco Constr. Co., Inc.*, 865 P.2d at 954.

_____

[2] A federal district court sitting in diversity must apply the forum state's choice of law rules to
determine the controlling substantive law.  *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th
Cir.2005).  Idaho applies the "most significant relation test" as set forth in the RESTATEMENT (SECOND)
CONFLICT OF LAWS § 145 to determine the applicable law.  *Grover v. Isom*, 137 Idaho 770, 53 P.3d 821,
823–24 (Idaho 2002).  In Idaho tort cases, courts must consider the following facts in making their
determination: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury
occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the
parties, and (d) the place where the relationship, if any, between the parties is centered."  *Id.* at 824
(citing *Seubert Excavators, Inc. v. Anderson Logging Co.*, 126 Idaho 648, 889 P.2d 82, 85 (1995)).  The
most important factor is where the injury occurred.  *Id.* (Internal citation omitted).  In this case, the lis
pendens were recorded against property located in Idaho, hence the parties apparently agree that Idaho
law applies.

**MEMORANDUM DECISION AND ORDER -6**

Deissner contends that the recording of a lis pendens, as a matter of law, does not constitute the use of process.  Deissner argues that the concurring opinion by Justice Jones in *Cunningham v. Jensen*, No. 31332, 2005 Ida. Lexis 145 (Idaho Sept. 14, 2005), wherein Justice Jones cites as an example that the filing of a lis pendens has been held not to constitute process, supports Deissner's arguments.  Deissner also argues that various decisions from other jurisdictions upon which Idaho has cited with approval, as well as ninth circuit case law interpreting state law, hold that the recording of a lis pendens is not process.  The reasoning in the states that so hold is that, under state law, a lis pendens can not support a claim of slander of title, and thus can not also support the tort of abuse of process, because the facts underlying the two torts overlap.  (Defs.' Mem. at 8, Docket No. 5-2.)

Mortensen, on the other hand, argues that *Cunningham v. Jensen*, No. 31332, 2005 Idaho LEXIS 145 (Idaho Sept. 14, 2005), broadened the concept of "process" so as to include procedures related to the litigation process, and not just procedures that misuse the authority of the court.  Thus, Mortensen argues that the recording of a lis pendens, although it is incidental to the litigation process, constitutes the use of process.  Mortensen contends that the use of the lis pendens by Deissner, when he knew that the property settlement had been reached, was improper.  Mortensen bases his allegations in part upon Judge Julian's rulings quashing the lis pendens and denying Deissner's motion for reconsideration of his ruling, wherein he declared Deissner's arguments "frivolous" and "specious."  (Pl. Mem. at 8, Docket No. 37.)

## 2.        The Parties May Not Rely Upon *Cunningham.*

Both parties argue that *Cunningham* applies in this case to support their respective arguments.  Both parties' reliance is misplaced, as the Idaho Supreme Court's decision in

**MEMORANDUM DECISION AND ORDER -7**

*Cunningham* was withdrawn by order on January 23, 2006.  *Cunningham v. Jensen*, No. 31332, 2006 Idaho LEXIS 8; 2005 WL 2220022 (Idaho Jan. 23, 2006) (ordering the opinion withdrawn upon the grant of the parties' motion to dismiss).[3]

In *Cunningham*, the Idaho Court of Appeals issued a decision on September 14, 2004, from which the parties sought further review.  *Cunningham*, 2005 Idaho LEXIS 145 at *1.[4]  The Idaho Supreme Court's decision issued on September 14, 2005 effectively withdrew the prior Idaho Court of Appeals decision.[5]  After the Idaho Supreme Court issued its decision on September 14, 2005, the parties filed a petition for rehearing, a motion for reconsideration, and an unopposed motion to dismiss the appeal and to withdraw the court's prior opinion.  *Cunningham*, 2005 Idaho LEXIS 8.  The motion to dismiss and to withdraw was granted.  *Id.*

When an opinion has been withdrawn, it becomes stripped of precedential value.  Penelope Pether, *Inequitable Injunctions: The Scandal of Private Judging in the U.S. Courts*, 56 STAN. L. REV. 1435, 1437 (May 2004).  *Cunningham*, therefore, may not be cited as binding authority.  *See* Idaho R. S. Ct. Op. Rule 16 ("When a petition for rehearing has been filed, and whether or not granted, the original opinion may be withdrawn. . . .");  *Doron Precision Sys., Inc. v. U.S. Fid. & Guar. Co.*, 981 P.2d 246, 246 (Idaho 1999) (order indicating that the withdrawn

---

[3]  There may be some confusion concerning the Idaho Supreme Court's order withdrawing its prior opinion.  The Order withdrawing the court's previous opinion states that its opinion "issued September 9, 2005 is hereby withdrawn."  The court's opinion was actually filed on September 14, 2005.  There is no other opinion other than the court's opinion issued on September 14th, 2005, and this was confirmed by a telephone call to the Clerk of the Idaho Supreme Court.

[4]  The Idaho Court of Appeals decision may be found at 2004 WL 2034988 (Idaho Ct. App. Sept. 14, 2004).

[5]  The Idaho Supreme Court decision in *Cunningham* appears at 2005 Idaho LEXIS 145 (Idaho Sept. 14, 2005).  The opinion does not appear in Westlaw, presumably because it was withdrawn.

**MEMORANDUM DECISION AND ORDER -8**

opinion "shall not be cited as authority."). *See also U.S. v. Lopez-Zamora*, 418 F.3d 1004, 1004 (9th Cir. 2005) (stating withdrawn opinions may not be cited by or to this court or any district court of the Ninth Circuit). At the hearing, the parties acknowledged *Cunningham* had been withdrawn.

### 3. Other Decisions.

Because *Cunningham* has been withdrawn and does not carry precedential value, the Court must look to other sources.[6] In handling a similar case based upon Alaska law, the Ninth Circuit Court of Appeals determined that a notice of lis pendens could not serve as the basis for an abuse of process claim. *City of Angoon v. Hodel*, 836 F.2d 1245, 1248 (9th Cir. 1988). In *Angoon*, the plaintiff claimed that the recording of a notice of lis pendens on his property constituted abuse of process, the identical claim in this case. Alaska had not yet decided whether a notice of lis pendens could form the basis of such a claim.

In reaching its conclusion that Alaska law would not consider lis pendens to constitute process, the court examined several factors. First, the court observed that there was no trend among states to accept or reject an abuse of process claim on the basis of notice of lis pendens. *Angoon*, 836 F.2d at 1246. Second, the court gave significant weight to Alaska's treatment of lis pendens in analogous tort actions, wherein the Alaska Supreme Court held that notice of lis pendens did not give rise to a cause of action for slander of title. *Angoon*, 836 F.2d at 1247. The court reasoned, therefore, that because factual situations forming the basis for a cause of action for slander of title could also support a cause of action for abuse of process, the Alaska court's

---

[6] Even if the Court could look to *Cunningham* for guidance, as Mortensen argued, the Court would find it inapplicable to the instant case.

**MEMORANDUM DECISION AND ORDER -9**

holding would be extended to prohibit abuse of process claims based upon the filing of a notice of lis pendens. *Id.*

Finally, the court noted that Alaska relied upon California law and adopted a lis pendens statute virtually identical to California's statute, and California has held that an abuse of process claim can not be predicated upon the recording of a notice of lis pendens. The court concluded that Alaska, by relying upon California law in the past, could reasonably be expected to look to California law and similarly find that an abuse of process claim could not be based upon a notice of lis pendens. *Id.* as 1248.

### 4.      Idaho Law Concerning Lis Pendens.

Under Idaho law, in an action affecting the title to or the right of possession of real property, the parties claiming such title or right may file for record with the recorder of the county where the property is located a notice of the pendency of the action and a description of the property. Idaho Code §§ 5-505, 6-504. Such notice is called a lis pendens. Idaho Code § 5-505. From the time of filing the lis pendens, any purchaser or encumbrancer of the property is deemed to have constructive notice of the pendency of the action. Idaho Code §§ 5-505, 6-504. The effect of recording a notice of lis pendens is that a person purchasing or acquiring rights in the property during the pendency of an action involving rights in the property takes the property subject to the final disposition of the case. *Suitts v. First Sec. Bank of Idaho*, 602 P.2d 53, 57 (Idaho 1979). The recording of a lis pendens does not prohibit transfer of real property, but would prevent transfer to a bona fide purchaser during the pendency of an action concerning title to the property. *Suitts*, 602 P.2d at 57.

As early as 1877, the Supreme Court held that a lis pendens simply imparts notice to a

purchaser such that the purchaser acquires his interest subject to the outcome of the pending action involving the real property. *County of Warren v. Marcy*, 97 U.S. 96, 106 (1877) ("a lis pendens, duly prosecuted, and not collusive, is notice to a purchaser so as to affect and bind his interest by the decree."). Idaho courts have long agreed that the purpose of a lis pendens is to impart notice to those without actual knowledge of the action involving the property or of the claim upon which it is based. *Smith v. Faris-Kesl Constr. Co., Ltd.*, 150 P. 25, 32 (Idaho 1915); *see also Sartain v. Fid. Fin. Servs., Inc.*, 775 P.2d 161, 164 (Idaho Ct. App. 1989) (explaining the principle behind filing of a lis pendens). The filing of a lis pendens does not establish or change anyone's legal rights. *Jerry J. Joseph C.L.U. Ins. Associates, Inc. v. Vaught*, 789 P.2d 1146, 1148 (Idaho Ct. App. 1990). "By parity of reasoning, the removal of a lis pendens . . . has no effect on legal rights. It simply is a signal that a dispute over those rights has been resolved." *Jerry J. Joseph*, 789 P.2d at 1149.

Because a lis pendens simply informs the public that property is involved in litigation, Idaho courts have held that the recording of a lis pendens cannot form the basis for either a slander of title claim or a defamation action. *Vanderford Co., Inc. v. Knudson*, 165 P.3d 261, 271 (Idaho 2007). The removal of a lis pendens also does not signal victory for the party who forced the removal of a lis pendens, and thus does not entitle the party to attorney fees as a "prevailing party." *Jerry J. Joseph*, 789 P.2d at 1149.

    5.    **Conclusions.**

What can this Court therefore conclude? Idaho courts have not decided whether the recording of a lis pendens can form the basis for an abuse of process claim. However, Idaho law is strikingly similar to Alaska's law. Idaho regards a notice of lis pendens as mere notice. The

**MEMORANDUM DECISION AND ORDER -11**

recording of such a notice does not invoke the use of any judicial process.  Nor can the recording

of a notice of lis pendens form the basis for the similar tort of slander of title.  And the removal

of a lis pendens does not entitle a property owner to an award of attorney fees as a prevailing

party for his or her "success" in having the lis pendens extinguished.  Indeed, no legal rights are

affected at all by the recording of a notice of lis pendens, as it simply binds a third party

purchaser to the outcome of the underlying action disputing ownership or other rights asserted in

real property.  The property subject to a notice of lis pendens may still be transferred to others in

spite of the lis pendens.

Mortensen argues, however, that despite the established law, the filing of the lis pendens

in this case is different because Deissner "abused" the lis pendens process by recording the lis

pendens absent an underlying action affecting title.  No court has so concluded.  Moreover, there

was an underlying dispute, because at the time the lis pendens were recorded, Mrs. Mortensen

was challenging the divorce decree which vested title in the properties in Mr. Mortensen.  This is

true even though Deissner had not filed a motion to reopen the divorce proceedings at the time

the first set of lis pendens were recorded.  The effect of the lis pendens was to challenge the title

of the properties that vested free and clear in Mr. Mortensen because of the divorce decree.

There was, therefore, an underlying action and order affecting title, and the lis pendens had the

effect of putting third parties on notice of Mrs. Mortensen's claims.

Furthermore, the Court cannot conclude that Mortensen's arguments should override the

conclusions drawn from established Idaho law.  It appears that, if this matter was appealed and it

was before the Ninth Circuit Court of Appeals, the appellate court would adopt the reasoning it

applied in *Angoon* and similarly hold that Idaho, like Alaska, would find that an abuse of process

**MEMORANDUM DECISION AND ORDER -12**

claim could not be based upon a notice of lis pendens as a matter of law.  This Court therefore concludes that Idaho would not allow an abuse of process cause of action based upon the filing of a notice of lis pendens, and will grant Deissner's motion for summary judgment as to this claim.[7]

## C.     Motion to Strike.

Deissner filed a motion to strike Exhibit 1 attached to the Affidavit of Thomas Lloyd, which exhibit happened to be a copy of the verified Complaint filed in this matter.  (Docket Nos. 40, 35.)  Deissner objected to the use of the Complaint as an affidavit.  Mortensen did not file an opposition to the motion.

Fed. R. Civ. P. 56(e)(1) sets forth the requirements for an affidavit submitted in support of or in opposition to a motion for summary judgment.  An affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e)(1).  The use of the complaint in lieu of the affidavit of Mr. Mortensen does not satisfy the requirements of Rule 56(e), and in the absence of any opposition, the Motion to Strike will be granted.  However, the Court is entitled to rely upon the pleadings in determining the material facts not genuinely at issue.  Fed. R. Civ. P. 56(d)(1).  Thus, by granting the motion to strike, the Court is not prohibited from considering the factual representations affirmed by Deissner in the answer as the undisputed facts in this matter.

---

[7]  The grant of summary judgment will not, however, dispose of this matter.  Deissner's motion for summary judgment was limited to consideration of the lis pendens.  Although Mortensen alleged one cause of action, he plead that the lis pendens, filing of frivolous pleadings, and service of unlawful subpoenas all constituted the basis for his claim.  Therefore, the claims based upon the filing of frivolous pleadings and service of unlawful subpoenas still remain, as does Deissner's counterclaim.

**MEMORANDUM DECISION AND ORDER -13**

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS**

**HEREBY ORDERED that:**

1)      Defendants' Motion for Summary Judgment (Docket No. 5) is GRANTED.

2)      Defendants' Motion to Strike (Docket No. 40) is GRANTED.

DATED: December 7, 2009

_____

Honorable Candy W. Dale
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER -14**